Singh v. Garland

BIA
Sichel, IJ
A206 098 303

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

SATNAM SINGH,
> *Petitioner,*

v.                                                                      23-6303
                                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Jaspreet Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:**                    Brian Boynton, Principal Deputy Assistant
Attorney General; Lindsay B. Glauner, Senior
Litigation Counsel; Alanna T. Duong, Trial
Attorney, Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of
Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND
DECREED that the petition for review is DENIED.

Petitioner Satnam Singh, a native and citizen of India, seeks review of a
March 10, 2023, decision of the BIA affirming a February 1, 2019, decision of an
Immigration Judge ("IJ") denying his application for asylum, withholding of
removal, and relief under the Convention Against Torture ("CAT"). *In re Satnam
Singh*, No. A206 098 303 (B.I.A. Mar. 10, 2023), *aff'g* No. A206 098 303 (Immigr. Ct.
N.Y.C. Feb. 1, 2019). We assume the parties' familiarity with the underlying facts
and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's
opinions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).
We review an adverse credibility determination "under the substantial evidence
standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the
administrative findings of fact are conclusive unless any reasonable adjudicator

2

would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Singh alleged that Congress Party members threatened and beat him on account of his support for the Shiromani Akali Dal Amritsar Party. Substantial evidence supports the agency's determination that Singh was not credible.

The agency reasonably relied on inconsistencies in Singh's descriptions of an alleged 2008 attack. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d

3

137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Contrary to Singh's contention, his testimony did not merely provide supplemental descriptions of the 2008 incident but conflicted with his application as to whether Congress Party members knocked him off his motorcycle by hitting it with their car or by hitting him with a rod on his ankle and whether only one or all four Congress Party members physically attacked him. Despite an opportunity to explain these inconsistencies, Singh did not compellingly do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The agency also reasonably relied on a discrepancy regarding whether his brothers accompanied him to the police station after he was purportedly attacked in 2012. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh testified that his brothers accompanied him to the police station to report the attack, but his brothers did not mention doing so in their affidavits. The agency reasonably relied on this

4

omission because one of the brothers discussed Singh going to the police station to report the attack and thus "would reasonably have been expected to disclose" that he accompanied Singh. *Hong Fei Gao*, 891 F.3d at 78. Singh did not compellingly explain this omission but merely restated that his brothers accompanied him to the police station. *See Majidi*, 430 F.3d at 80.

The agency also did not err in relying on Singh's inconsistent evidence regarding whether Congress Party members harmed any of his family members after he left India. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh testified that Congress Party members had not harmed his family members after he left India, but he submitted an affidavit from his wife stating that Congress Party members had beaten her three times since his departure. His attempts to explain were unclear and did not resolve the inconsistency. *See Majidi*, 430 F.3d at 80.

Having questioned Singh's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). In addition to the omission in his

5

brothers' affidavits and the inconsistency with his wife's affidavit, Singh failed to submit medical evidence of a three-day hospitalization after his alleged 2012 attack; his explanation that the doctor had not provided a letter because he was treated only for internal injuries was not compelling as it did not resolve why there would not be a record of the treatment he received for a three-day hospital stay. *See id.*; *Majidi*, 430 F.3d at 80.

The above inconsistencies and lack of corroboration constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate.* *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

---

* As the Government argues, Singh does not challenge the BIA's finding that he waived CAT relief. However, the IJ denied CAT relief because Singh was not credible, so any challenge to the adverse credibility determination necessarily related to all forms of relief.

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court